UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION

RACHAEL DENHOLLANDER, *et al.*,

   Plaintiffs,

v.

MICHIGAN STATE UNIVERSITY, *et al.*,

   Defendants.

Case No. 1:17-cv-00029-GJQ-SJB

HON. GORDON J. QUIST

**ORDER GRANTING PLAINTIFFS' UNOPPOSED STIPULATION TO APPOINT LIEN RESOLUTION ADMINISTRATOR AND GRANTING QUALIFIED PROTECTIVE ORDER TO AUTHORIZE DISCLOSURE OF CLAIMANTS' PROTECTED HEALTH INFORMATION PURSUANT TO HEALTH INSURANCE PORTAILITY AND ACCOUNTABILITY ACT (HIPAA)**

---

**THE COURT**, having read and considered the Unopposed Stipulation of the Plaintiffs/147 Settling Claimants and Proposed Order to Appoint Epiq as Lien Resolution Administrator and Proposed Qualified Protective Order to Authorize the Disclosure of the Settling Claimants' Protected Healthcare Information pursuant to HIPAA, and being fully advised, **HEREBY ORDERS AS FOLLOWS:**

  **AS TO THESE PLAINTIFFS/147 SETTLING CLAIMANTS, THIS COURT:**

  a. appoints Epiq as the Lien Resolution Administrator for these 147 Settling Claimants in the above-captioned action;

  b. authorizes Epiq, as the Lien Resolution Administrator, to act as the agent for these Settling Claimants in the above-captioned action for the purpose of identifying and resolving potential liens and/or recovery claims for medical items, services, and/or prescription drugs with all Healthcare Entities (as defined above in the Stipulation) in any manner deemed necessary or advisable by Epiq, including, but not limited to, (i) *en masse* data submissions with such Healthcare Entities for the purpose of identifying healthcare coverage and related claims itemizations for Settling

|     |     |
| --- | --- |
|     | Claimants, and (ii) accessing Internet-based healthcare coverage information sources, including, but not limited to, www.mymedicare.gov; |
| c.  | specifies that Epiq's obligation to resolve any such liens or recovery claims shall be governed by the terms of Epiq's contract(s) with Settling Claimants' counsel, and/or Settling Claimants, as applicable, and that nothing in the order shall be construed to impose any duties or obligations on Epiq; |
| d.  | grants Epiq the exclusive authority to develop a uniform and consolidated process with CMS for the global identification and resolution of Medicare Part A and/or Part B fee-for-service reimbursement claims on behalf of these Settling Claimants in the above-captioned action who are or were Medicare beneficiaries; |
| e.  | authorizes and requires any Healthcare Entity who receives a request from Epiq, in the performance of its functions and duties as the Lien Resolution Administrator, for these Settling Claimants' Protected Health Information to disclose that information to Epiq in response to the request; |
| f.  | authorizes any Healthcare Entity who receives a request from Epiq, in the performance of its functions and duties as the Lien Resolution Administrator, to disclose these Settling Claimants' Protected Health Information in a list or other aggregated format to disclose the information in the format requested in lieu of submitting such information on a case-by-case basis; |
| g.  | authorizes Epiq to disclose these Settling Claimants' Protected Health Information to a Healthcare Entity in the performance of its functions and duties as the Lien Resolution Administrator; |
| h.  | authorizes Epiq, in making disclosures contemplated by this Stipulation, to disclose these Settling Claimants' Protected Health Information to Healthcare Entities in lists or other aggregated formats in lieu of submitting such information on a case-by-case basis; and, |
| i.  | orders that, consistent with 45 C.F.R. §§ 164.512(a), (e)(1)(i), individual HIPAA authorizations are not required for any disclosure requested or made pursuant to this Order. |

**IT IS SO ORDERED.**


Dated: August 8 , 2022          By:          /s/ Gordon J. Quist
                                      GORDON J. QUIST
                                      UNITED STATES DISTRICT JUDGE

2